This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. 32,611**

**TIMOTHY WEISS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant appeals his four convictions for criminal sexual penetration (CSP).

Defendant argues that (1) his multiple convictions for CSP arising out of a single and

continuous sexual assault violate his right to be free from double jeopardy; and (2) that there was insufficient evidence of an injury to Victim to sustain a second degree CSP conviction. Because we conclude that there were indicia of distinctness between the separate acts of penetration necessary to support the multiple CSP convictions and that there was sufficient evidence supporting the jury's determination that Victim was injured during the assault, we affirm.

{2} Because this is a memorandum opinion and the parties are familiar with the facts and procedural background of this case, we reserve further discussion of the relevant facts for our analysis.

**Defendant's CSP Convictions Do Not Violate Double Jeopardy**

{3} Defendant was convicted on four counts of CSP arising out the following acts. Defendant first penetrated Victim while she was lying on her back. Defendant then repositioned Victim onto her hands and knees, shoved her bra and shirt around her neck and fondled her breasts, and then asked to have anal intercourse. When Victim refused, Defendant began to again vaginally penetrate Victim. Defendant then repositioned Victim a second time and performed oral sex on her after which he again began engaging in vaginal intercourse with her.

{4} Defendant argues that these facts only support one conviction for CSP because the charges arose out of one continuous sexual encounter, which occurred in a very

2

short time frame, in the same location, with the same intent, and which involved only vaginal penetration. *See Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624 (concluding that "[NMSA 1978,] Section 30-9-11 [(2009)] cannot be said as a matter of law to evince a legislative intent to punish separately each penetration occurring during a continuous attack absent proof that each act of penetration is in some sense distinct from the others"). Defendant's argument presents a "unit of prosecution" type double jeopardy issue, in which an individual is convicted of multiple violations of the same criminal statute for one course of conduct. *State v. Gallegos*, 2011-NMSC-027, ¶ 31, 149 N.M. 704, 254 P.3d 655. We review the constitutional question of whether there has been a double jeopardy violation de novo. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77.

{5}     We utilize a two-step inquiry in unit of prosecution challenges. We ask first whether the unit of prosecution is clearly defined by the statute at issue and, second, whether the charged acts were sufficiently distinct to justify multiple punishments under the same statute. *State v. Swick*, 2012-NMSC-018, ¶ 33, 279 P.3d 747. In this case, the only issue is whether the separate acts of vaginal penetration were sufficiently distinct to justify multiple punishments under Section 30-9-11. We determine whether distinct criminal sexual penetrations have occurred during a continuous attack under the six-factor framework set forth in *Herron*:

3

(1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (. . . of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims (. . . multiple victims will likely give rise to multiple offenses).

1991-NMSC-012, ¶ 15. No single factor is determinative. *See id.* ("Except for penetrations of separate orifices with the same object, none of these factors alone is a panacea, but collectively they will assist in guiding future prosecutions under Section 30-9-11.").

{6}     Under the *Herron* factors, the separate penetrations during the attack were sufficiently distinct. First, after initially penetrating Victim, Defendant repositioned her with the intent to penetrate her anally. After Victim refused, Defendant continued the assault and again vaginally penetrated her. The repositioning of Victim with the intent to penetrate her anally, and the removal of Victim's shirt and fondling of her breasts, is indicative under the second, third, and fifth *Herron* factors of distinct offenses. *See* 1991-NMSC-012, ¶ 15. Next, Defendant again repositioned Victim onto her back and began performing oral sex against her will. This repositioning and performance of oral sex constituted a separate offense because the statute differentiates between sexual intercourse and cunnilingus. Section 30-9-11(A)

4

(establishing sexual intercourse and cunnilingus as distinct means of committing CSP); *cf. State v. Wilson*, 1993-NMCA-074, ¶ 9, 117 N.M. 11, 868 P.2d 656 ("Under *Herron*, penetrations of separate orifices with the same object constitute separate offenses."). Finally, when Defendant penetrated Victim vaginally the last time, this penetration was distinct from the earlier vaginal penetrations because of the repositioning of Victim and the intervening oral sex. *See Herron*, 1991-NMSC-012, ¶ 15. Accordingly, the conduct underlying Defendant's four CSP convictions were sufficiently distinct under *Herron* so as to avoid a double jeopardy violation.

**Sufficient Evidence Supported Defendant's Conviction for Criminal Sexual Penetration Resulting in Personal Injury**

{7}     Defendant argues that there was insufficient evidence to convict him of second degree CSP because evidence of a "near-infinitesimal" injury to Victim's genitals is insufficient to establish "personal injury" under the statute. Section 30-9-11(E)(3) ("Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated . . . by the use of force or coercion that results in personal injury to the victim."); NMSA 1978, § 30-9-10(D) (2005) (defining " 'personal injury' [as] bodily injury to a lesser degree than great bodily harm and includes, but is not limited to, disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ").

**{8}**      We review sufficiency of the evidence challenges under our substantial evidence standard of review. "Under [this] standard, sufficient evidence to uphold a conviction exists where substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to conviction." *State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 (internal quotation marks and citation omitted). "We do not weigh the evidence or substitute our judgment for that of the fact[]finder" but instead "view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all inferences in favor of the verdict." *State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757.

**{9}**      The jury was instructed that to find Defendant guilty of second degree CSP, it must find that Defendant's "acts resulted in injury to [Victim's] sexual reproductive organ." Consistent with the statutory definition, "personal injury" was defined as "bodily injury . . . and includes . . . injury to a sexual or reproductive organ." At trial, the sexual assault nurse examiner who examined Victim testified that Victim "had some tenderness on the right side of her genitals on the labia, [and] on the inner lips of the vagina." Application of a special blue dye revealed a "2 to 3 millimeter[ ]linear uptake" indicating an injury to the tissue. Victim testified that she did not have consensual sex within the five days prior to the examination. Whether this injury

6

constituted "personal injury" was for the jury to determine, and the examiner's testimony provided an adequate basis from which the jury could conclude that Victim suffered personal injury to her reproductive organ as a result of Defendant's actions. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.").

**CONCLUSION**

{10}     For the foregoing reasons, we affirm Defendant's convictions.

{11}     **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**